## WALTON v. BROADHEAD.

No. 3320.　Decided April 8, 1919.　(180 Pac. 433.)

1. PARTNERSHIP—HUSBAND AND WIFE—SUFFICIENCY OF EVIDENCE. In suit for accounting with respect to personal property, and to recover judgment for profits, income, increments, evidence *held* to sustain finding that no partnership was ever entered into between plaintiff's intestate, a widow, and defendant's intestate, whom she married. (Page 322.)

2. PARTNERSHIP — LACHES — RIGHT TO ACCOUNTING. Where for thirty-seven years after her personalty came into hands of her husband, no claim or demand whatever for its value, or the profits, income, or increments was made by a wife or her administrator against the husband or his administrator, in absence of excuse for unreasonable delay, any right of widow's administrator to a partnership accounting is barred by laches. (Page 324.)

Appeal from the District Court of Wasatch County, Fourth District; *Hon. A. B. Morgan,* Judge.

Suit by E. A. Walton, as special administrator of the estate of Flora M. Broadhead, deceased, against Elmer Broadhead, as administrator of the estate of Robert Broadhead, deceased.

Judgment for defendant.　Plaintiff appeals.

AFFIRMED.

*Walton & Walton* of Salt Lake City, for appellant.

*Parker & Robinson* of Provo, for respondent.

CORFMAN, C. J.

Plaintiff brought suit in equity against the defendant for an accounting with respect to certain personal property and to recover a judgment for the profits, income, and increments arising therefrom. Both of the parties to the action appear in representative capacity.

Substantially, the facts set forth in the complaint are as follows: The plaintiff's intestate, Flora M. Broadhead, died at Heber City, Utah, in 1879, leaving surviving her children and grandchildren, heirs at law. The plaintiff was appointed and duly qualified, as the administrator of her estate in 1917. The defendant's intestate, Robert Broadhead, died at Heber City, in 1915, and the defendant is now the qualified and acting administrator of his estate. In 1860 plaintiff's intestate was the owner of two yoke of cattle, a wagon, eight cows, thirty sheep, and some household furniture the aggregate value of which was about $1,050. About this time, 1860, she entered into a partnership with Robert Broadhead, contributing as her share the above-mentioned property. In 1862 the plaintiff's and defendant's intestates, respectively, intermarried, and that relationship continued until the death of the wife. During the subsistence of the said marriage defendant's intestate dealt with and treated plaintiff's intestate with respect to said property as a feme sole, and continued to be engaged with her in said partnership relations as a stranger. The profits, proceeds, and increment arising out of the partnership were invested and reinvested from time to time by the parties, until the death of the wife in 1879, when her interest in the partnership and the increment thereof amounted to over $5,000. Thereafter Robert Broadhead retained in his possession the interest of the plaintiff's intestate, and invested and reinvested the profits, proceeds, and increment, thus augmenting the same, until his death, since when her interest has been in the possession of the defendant, and now amounts to at least $40,000.

The answer admitted the allegations with respect to the marriage relationship, death, and representative capacity of the parties and denied generally the other allegations of the complaint. As a further defense defendant pleaded that plaintiff's alleged cause of action was barred by the statute of limitations, and by the laches of the parties interested in the estate of plaintiff's intestate. More specifically with respect to the laches of the interested parties, it is alleged in the answer that at the time of the death of Flora M. Broadhead

there were no creditors' claims against her estate, and that any property she owned or had any interest in passed to her heirs at law, and they then became the equitable owners of her property, if any she had; that since the death of Flora M. Broadhead, and up to the time of the death of Robert Broadhead, a period of 38 years, the heirs at law of Flora M. Broadhead were alive, competent, and familiar with the property rights existing between Flora M. Broadhead, deceased, and Robert Broadhead, if any there were; and that during said period the heirs of Flora M. Broadhead failed and neglected to take any steps whatever against Robert Broadhead to claim or recover any property, but during all of said time acquiesced in and conceded the right, title, and ownership of all property controlled and possessed by him, and now in possession of the defendant as administrator as the sole property of Robert Broadhead during his lifetime, and since his death as belonging to his estate; that during the lifetime of Flora M. Broadhead she made no claim whatever to any ownership or interest in property controlled or possessed by Robert Broadhead, and that if she ever did claim any interest in such property, both before her death and subsequent thereto, Robert Broadhead openly, notoriously, and continuously repudiated such; that if Flora M. Broadhead had any property at the time of her marriage with Robert Broadhead, the same was used by said Robert Broadhead for the support and maintenance of five minor children of said Flora M. Broadhead by a former marriage, who then came to live with and were kept and maintained by said Robert Broadhead.

The trial court found the issues for the defendant.

On appeal the plaintiff assigns as error certain findings of the court, of which we need only consider the following:

(a) The court finds that no partnership was ever entered into between the said Robert Broadhead, deceased, and the said Flora M. Broadhead, deceased, and that Flora M. Broadhead never did contribute to the said Robert Broadhead the property referred to and described in plaintiff's complaint; that the said Robert Broadhead never did come into the possession of said property, nor did the said Robert Broadhead retain any property belonging to the said Flora M. Broadhead, or have any property or interest in prop-

erty belonging to the said Flora M. Broadhead, in his possession at the time of his death.

The record is absolutely void as to proof of any partnership ever having been entered into between the plaintiff's intestate, Flora M. Broadhead, and defendant's intestate, Robert Broadhead. There is some testimony tending to show that in 1860, or thereabouts, Flora M. Broadhead moved from Provo to Heber City with her family, then consisting of five minor children of a former marriage; that she took with her at that time a yoke of oxen, about twenty sheep, a few cows, an old wagon and some household furniture of indefinite value. She, with the children, took up her abode in a small cabin at Heber City, where she resided until some time in 1862, when a polygamous marriage was entered into between herself and Robert Broadhead. Thereafter she, with her children, lived with Robert Broadhead upon his ranch near Heber City. As to whether any of the property taken from Provo to Heber City was taken to the ranch the testimony is very vague and uncertain. Isaac Baum, a witness for the defendant who lived across the road from Flora M. Broadhead while she and her family resided in Heber City, testified that he did not know of her having any cows or sheep, but that she did have at that time a couple of oxen and a wagon; that she lived by him until she married Broadhead, when the wagon and oxen went to her boys; that some of the boys lived away from the Broadhead ranch, that they used the wagon and oxen in their work, and that Robert Broadhead made no claim to them. This witness was probably as familiar with and in as good a position to testify concerning the property of Flora M. Broadhead when she married Robert Broadhead as any witness who testified. None of the witnesses, however, testified that Robert Broadhead had at any time possession of or claimed any interest in the property described in the plaintiff's complaint, except, possibly, two old bedsteads used in the home after the marriage. True, there were some cows and sheep upon the ranch, and some of the witnesses testified that the oxen were used on the ranch, and that the cows brought from Provo by plaintiff's intestate were taken to and milked

Walton v. Broadhead, 54 Utah 320.

by her upon the ranch after her marriage with the defendant's intestate, but none of the witnesses attempted to say that the defendant's intestate ever possessed or had use of the property in any way for his benefit. Under the testimony adduced at the trial what property, if any, plaintiff's intestate had when she married defendant's intestate is left very much in doubt, and as to whatever became of it is left wholly a matter of conjecture.

"(b) The court further finds that the cause of action, if any stated, in plaintiff's complaint, is barred * * * by the lapse of time and the laches of the persons interested in the estate of plaintiff's intestate."

This finding is amply sustained by the record. For a period of 37 years after the property described in the complaint is alleged to have come into the hands of defendant's intestate, no claim or demand whatever was made by the interested parties for its recovery or for an accounting with respect thereto. No excuse is offered for the unreasonable delay, and no matter what the equities of the parties may once have been, long since they have been rendered exceedingly obscure and doubtful if at any time there were such. For a court of equity, under the circumstances, to now recognize them by ordering an accounting would be placing a premium on inexcusable delay, laches, and negligence of the parties now seeking relief.

For the reasons pointed out we are of the opinion that the findings of the district court in defendant's favor are sustained, and that the judgment dismissing plaintiff's cause of action should be affirmed. It is so ordered. Respondent to recover costs.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.